## *In re* BOARD OF STREET OPENING.

*(Supreme Court, General Term, First Department.* May 18, 1888.)

1. EMINENT DOMAIN—PROCEEDINGS TO CONDEMN LAND—CONSOLIDATION ACT, 1882, § 990.

Act N. Y. June 2, 1884, declared a certain plot of land a public place, and directed that it be condemned under New York city consolidation act of 1882, § 995. The owners of the land objected to the confirmation of the commissioner's report, and moved that the proceedings be dismissed under section 990, providing that if, on the coming in of the commissioners' report, the majority of the persons interested either by assessment for benefits or by award of damages shall appear and object to further proceedings, the court shall order the same discontinued. *Held* that, as there was no assessment for benefits, section 990 had no application.

2. SAME—CONDEMNATION OF LAND—ASSESSMENT OF VALUE.

In proceedings to condemn lands for public use, where the value placed on it by the commissioners exceeds the highest estimates of any witnesses for the public, the court will not disturb their report.

3. SAME—CONDEMNATION OF LAND—PROCEDURE—PARTIES.

Where a statute directs that proceedings to condemn lands shall be taken in the name of the mayor, aldermen, and commonalty of the city of New York, the proceedings are not defective because the name of the board of street opening and improvement was also used, and that body took part therein.

Appeal from special term, New York county.

Appeal from special term order confirming the report of commissioners of estimate and assessment, appointed in proceedings to acquire title to land for a public place pursuant to chapter 451, Laws 1884.

Argued before VAN BRUNT, P. J., and MACOMBER, and BARTLETT, JJ.

*John C. Shaw,* for appellants.  *Carroll Berry,* for respondents.

BARTLETT, J. By an act of the legislature passed June 2, 1884, it was declared that a certain plot or gore of land in the Twenty-Second ward of the city of New York, between Seventy-Second and Seventy-Third streets and Tenth avenue and the Broadway boulevard, should thereafter be known on the plan or map of the city as a public place. The board of street opening and improvement was directed forthwith to prepare and file maps showing this plot or gore in the office of the department of public works, and in the office of the counsel to the corporation; and thereupon the duty was imposed upon the counsel to the corporation to take proceedings in the name of the mayor, aldermen, and commonalty of the city of New York, to acquire title for the use of the public to said plot or gore of land in the manner prescribed in section 995 of the New York city consolidation act of 1882. The expenses of acquiring the land were to be met by means of bonds issued by the comptroller, for the payment of which the board of estimate and apportionment was directed to make provision. Proceedings under this statute were instituted in 1886, and commissioners were appointed, who, in their preliminary estimate, fixed the value of the land to be taken at $28,000. The owners, Daniel D. Lord, George De Forest Lord, and Edward C. Lord, as administrators of Daniel Lord, deceased, filed objections, and the commissioners proceeded to take testimony as to the value of the property in behalf of the objectors, and in behalf of the city. At the conclusion of the hearing the award for damages was increased to $40,000. The objectors, however, were not satisfied with this amount, and opposed the confirmation of the report of the commissioners before the special term. They now appeal from the order confirming that report.

When the final report of the commissioners came before the court at special term, the objectors asked, as a matter of right, that the proceedings be discontinued under section 990 of the New York city consolidation act, (Laws 1882, c. 410.) That section is contained in the title relative to the opening of streets, avenues, and public places, and provides, among other things, that upon the coming in of a report signed by the commissioners or any two of them, and upon the hearing of the application for the confirmation thereof,

"if persons who appear by the said report to be interested either by assessment for benefit, or by award for damages, to the amount of a majority in amount of the whole assessments and awards, shall appear and object to further proceedings upon the said report, the court shall order the same to be discontinued, and the same shall thenceforth be discontinued." We do not think that this particular part of section 990 of the consolidation act has any application to the present proceeding. It obviously refers only to cases in which there are both awards for damages, and assessments for benefit. Here there are no assessments for benefit, within the ordinary meaning of the term assessment. The city is to pay the entire expense of the proceeding out of moneys raised by general taxation. The assessments contemplated by the provision cited are assessments upon property benefited by the improvement, and do not include a tax upon the city at large. It will be observed, however, that the act under which the land for this public place is to be taken provides that the proceedings thereunder shall be conducted in the manner prescribed in, and subject to, all the provisions of section 995 of the consolidation act. It is only by a somewhat general reference to other statutory provisions that section 995 prescribes adequate means for the taking of land; and the learned counsel for the appellants argues that it must therefore be held that the provisions of section 990 of the consolidation act, as to the right to discontinue, apply to the present proceeding. This does not necessarily follow, however. The more natural and reasonable construction is to hold that the legislature intended, by directing that this proceeding should be conducted according to section 995, merely to prescribe that it should be carried on under that section, and the laws to which that section referred, so far as those laws could reasonably be applied to it. As no assessments, in the proper sense of the word, were contemplated in the proceeding, it can hardly be held that it was designed to make applicable a provision relating to cases in which assessments are levied.

As to the amount of the award, while we do not think it is large, we are not satisfied that it is so manifestly inadequate as to require us to reverse the order of confirmation on that account. The evidence was conflicting, and the valuation adopted by the commissioners exceeds the highest estimate put upon the property by any of the witnesses called by the counsel to the corporation.

There is nothing in the point that the proceedings are defective because they were not initiated by the proper authority. The statute provided that it should be the duty of the counsel to the corporation to "take proceedings in the name of the mayor, aldermen, and commonalty of the city of New York, to acquire title for the use of the public of the said plot or gore of land." Although the name of the board of street opening and improvement was also used, and although that body took part in the proceeding, an examination of all the papers shows a substantial compliance with the requirements of the act. The proceeding was, as a matter of fact, begun and conducted by the counsel to the corporation in the name of the mayor, aldermen, and commonalty of the city of New York.

The order confirming the report of the commissioners should be affirmed with costs.

VAN BRUNT, P. J., and MACOMBER, J., concurring.